UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSHUA LEGISTER,

            Plaintiff,

     v.                                        Case No. 23-cv-0420-bhl

JANE DOE,
JOHN DOE #1, and
JOHN DOE #2,

            Defendants.

---

## SCREENING ORDER

---

Plaintiff Joshua Legister, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter comes before the Court on Legister's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

On July 17, 2023, the Court denied Legister's motion for leave to proceed without prepaying the filing fee and dismissed this action based on Legister's failure to timely pay the fee. A couple of weeks later, Legister filed a motion for reconsideration, explaining that his family had inadvertently applied a payment to the wrong case. The Court took Legister's motion under advisement and ordered him to pay the initial partial filing fee by September 15, 2023. The Court received Legister's payment on September 14, 2023. Accordingly, the Court will grant Legister's motion for reconsideration, will vacate its order dismissing this action (Dkt. No. 10), and will grant

Legister's motion for leave to proceed without prepaying the filing fee. As set forth in 28 U.S.C. §1915(b), Legister will be required to pay the remainder of the filing fee over time.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Legister explains that he arrived at the jail on August 27, 2022. Days before, he had been in a car accident and had multiple severe injuries. Legister asserts that during the booking process he was evaluated by Defendant Jane Doe. He states that he informed her that he had suffered neck, shoulder, back, hip, and knee injuries and that he basically couldn't move his right arm. He states that he told her he needed a lower bunk. Dkt. No. 1 at 2.

According to Legister, he was then placed in a holding cell with about seven or eight other people. The next day, on August 28, 2022, Legister spoke to Defendant John Doe #1. Legister states that he told Doe #1 that he needed to lay down because his entire body hurt; he said that sitting on a concrete slab for more than twenty-four hours was making all his injuries throb. Doe #1 allegedly told Legister that he does not do personal favors for people, and if he wanted to lay down, he should use one of the two mattresses that were being used by other inmates. Legister states that he stayed in the holding cell for another day. Dkt. No. 1 at 2-3.

The following day, on August 29, 2022, Legister was sent to a cell and was assigned the upper bunk. Legister asserts that he told Defendant John Doe #2 that he was unable to climb in and out of the bunk. According to Legister, Doe #2 told him he had no control over bunk assignments and instructed Legister to contact the health services unit, which he did. A few days later, Legister informed one of the medical lawyers of his situation. The medical lawyer made a phone call and Legister was given an ice bag. Legister explains that about four days later he was

3

seen by health services and an order for a lower bunk and physical therapy was placed. Legister was also issued a sling for his right shoulder and arm. Dkt. No. 1 at 3.

## THE COURT'S ANALYSIS

Legister was a pretrial detainee at the relevant time, so claims related to his medical care arise under the Fourteenth Amendment, not the Eighth Amendment, which applies only to convicted prisoners. Under *Miranda v. County of Lake*, such claims are subject only to the objective unreasonableness standard. 900 F.3d 335, 352 (7th Cir. 2018). To state a claim, the Court must be able to reasonably infer from Legister's allegations that Defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable. *McCann v. Ogle County, Ill*., 909 F.3d 881, 886 (7th Cir. 2018) (citations omitted). Given this standard, Legister may proceed on a Fourteenth Amendment claim against the Jane Doe nurse who evaluated him when he was booked into the jail and failed to assign him to a bottom bunk despite him having severe injuries that made it difficult for him to climb into and out of a top bunk. He also may proceed on a Fourteenth Amendment claim against John Doe #1 who, despite knowing about Legister's severe injuries, allegedly dismissed his request for a place to lay down and did not contact health services or direct Legister to contact health services. Legister may also proceed on state law negligence claims against these Defendants.

Legister does not, however, state a Fourteenth Amendment claim against John Doe #2 who informed Legister that he had no control over bunk assignments and directed Legister to contact the health services unit. As the Seventh Circuit has explained, "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules . . . along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of

4

labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). John Doe #2 explained that he did not have the authority to change Legister's bunk assignment, but he directed Legister to the department with the authority to make the change. Because the Court cannot infer that John Doe #2's actions were objectively unreasonable, Legister fails to state a claim against that defendant.

Legister also fails to state an intentional infliction of emotional distress claim under Wisconsin state law. "Four factors must be established to prove a claim of intentional infliction of emotional distress: (1) the conduct was intended to cause emotional distress; (2) the conduct was extreme and outrageous; (3) the conduct was the cause of the person's emotional distress, and (4) the emotional distress must be extreme and disabling." *Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1559 (7th Cir. 1991) (citations omitted). A booking nurse allegedly failing to assign a lower bunk and an officer failing to direct an inmate to health services following complaints of pain is not "extreme and outrageous" conduct, nor does Legister include any allegations from which the Court could reasonably infer that the nurse or officer responded to Legister as they did because they intended to cause him emotional distress. Accordingly, Legister fails to state a claim for intentional infliction of emotional distress.

Because Legister does not know the name of the various Doe Defendants who allegedly violated his Fourteenth Amendment rights, the Court will add Milwaukee County Sheriff Denita Ball as a defendant for the limited purpose of helping Legister identify the name of the Defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Ball does not have to respond to the complaint. After Sheriff Ball's attorney files an appearance in this case,

5

Legister may serve discovery requests upon her (by mailing them to her attorney at the address in the notice of appearance) to get information that will help him identify the name of the Defendants. For example, Legister may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Legister does not state a claim against Sheriff Ball, his discovery requests must be limited to information or documents that will help him learn the name of the Defendants. Legister may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After Legister learns the name of the Defendants who he alleges violated his constitutional rights, he must file a motion to identify them as the Doe Defendants. The Court will dismiss Sheriff Ball as a defendant once the Doe Defendants are identified. After the identified Defendants have an opportunity to respond to Legister's complaint, the Court will set a deadline for discovery. At that point, Legister may use discovery to get the information he believes he needs to prove his claims.

Legister must identify the name of the Doe Defendants within sixty days of Sheriff Ball's attorney filing a notice of appearance. If he does not or does not explain to the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Legister's motion for reconsideration (Dkt. No. 11) is **GRANTED**. The Court's July 17, 2023 decision dismissing this action (Dkt. No. 10) is **VACATED**.

**IT IS FURTHER ORDERED** that Legister's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that John Doe #2 is **DISMISSED** from this action based on Legister's failure to state a claim against him.

**IT IS FURTHER ORDERED** that Milwaukee County Sheriff Denita Ball will be added as a defendant for the limited purpose of helping Legister identify the Doe Defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between Milwaukee County and this Court, copies of Legister's complaint and this order are being electronically sent today to Milwaukee County for service on Sheriff Ball.

**IT IS FURTHER ORDERED** that Sheriff Ball does not have to respond to the complaint; however, she shall respond to discovery requests that Legister serves in an effort to identify the Doe Defendants' names. Sheriff Ball does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Legister must inform the Court of the Doe Defendants' names within sixty days of Sheriff Ball's attorney filing an appearance in this case. If Legister does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Legister is located.

**IT IS FURTHER ORDERED** that the agency having custody of Legister shall collect from his institution trust account the $296.76 balance of the filing fee by collecting monthly payments from Legister's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If Legister is transferred to another institution, the transferring institution shall forward a copy of this Order along with Legister's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Legister is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 10, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge